BOWMAN v. SIMS.

## Opinion delivered September 30, 1918.

JUDGMENT—RES JUDICATA.—Where an issue sought to be litigated in a pending action was litigated and decided in a former action, the issue is *res judicata*.

Appeal from Prairie Circuit Court, Southern District; *Thos. C. Trimble,* Judge; affirmed.

*Tellier & Biggs* and *Manning, Emerson & Donham,* for appellant.

The issue raised here was never raised or passed on by the chancery court or by the Supreme Court. The matter was never *res adjudicata.* 66 Ark. 366; 124 *Id.* 435; 18 *Id.* 142; 24 A. & E. Enc. Law (2 ed.), 784.

*Sam Frauenthal,* for appellee.

1. The parties are the same as well as the subject matter. The same transaction is involved and the matter is clearly *res adjudicata.* 15 Ark. 555; 19 *Id.* 62; 39 *Id.* 531; 47 *Id.* 31.

2. The former judgment is conclusive. 65 U. S. 24; 7 Wall. 619; 94 U. S. 477, 485; 23 Cyc. 1295; 15 R. C. L. 438; 52 Ark. 411. See also 108 Ark. 574; 114 *Id.* 14; 23 Cyc. 1223; 15 R. C. L. 970. The parties are concluded by the first judgment as to all questions actually put in issue and adjudicated. 23 Cyc. 1297; 15 R. C. L. 973, § 450, also p. 958; 16 Cyc. 799; Am. Cas. 1912, D. 414.

HUMPHREYS, J. On the 12th day of September, 1916, appellant brought suit against appellee in the Southern District of the Prairie Circuit Court to recover $15,900 damages on account of an alleged breach of a contract entered into between appellant and appellee in July, 1905, alleged in substance to be that they purchased a large tract of land in Prairie County, Arkansas, at a total cost of $31,800; that appellant should have the exclusive right to fix the sales price and sell the land and divide the net profit between them equally; that appellee would join appellant in a general warranty deed in conveyance of same to such purchaser as appellant might

designate. It was also alleged in the complaint that pursuant to the agreement appellant found a purchaser on the 19th day of June, 1914, who was willing to pay $63,600 for said tract; that appellee refused to join in the deed to the purchaser, thereby breaching the contract, to appellant's damage in one-half of the net profit, or in the sum of $15,900.

The issue upon which the case went off arose on a plea of *res adjudicata* filed by appellee. The plea set forth that in a foreclosure suit between the same parties in the Northern District of Prairie Chancery Court, appellant, by way of cross-bill, set up as a defense in the foreclosure proceeding the same matters set up by him as a basis of his suit for breach of contract, that appellee filed a response to the cross-complaint in that case; that testimony was introduced on the issues joined by the cross-complaint and answer; that final decree was rendered in that case at the April term, 1915, of the Prairie Chancery Court, dismissing the cross-bill for want of equity.

The court heard the plea of *res adjudicata* upon the pleadings in this case and the transcript in the foreclosure case of *Bowman* v. *Sims* and sustained appellee's plea of *res adjudicata* and rendered judgment for appellee. From this judgment an appeal has been properly prosecuted to this court.

The question to be determined upon appeal is whether or not the issue joined on appellant's cross-bill and appellee's reply thereto in the foreclosure suit of *Sims* v. *Bowman,* which was styled in the Supreme Court "*Bowman* v. *Sims,*" No. 3935, is the same issue in substance presented by the pleadings in this suit.

On or about the first day of June, 1905, appellant and appellee purchased 1,590 acres of land called the Letchworth land. John Sims advanced the purchase money necessary to buy the tract and took a mortgage on this tract and an additional 200 acre tract, from C. L. Bowman and wife, to secure the notes executed to him for one-half of the purchase money. The notes were not paid,

and the foreclosure suit, styled *"Bowman* v. *Sims"* in the Supreme Court, was instituted to recover on the notes and enforce the mortgage lien against both tracts of land. The damages claimed in the instant suit grew out of the alleged refusal of John Sims to join with C. L. Bowman in the execution of a warranty deed to the purchaser alleged to have been procured by Bowman. The cross-bill filed by appellant in the foreclosure suit in part alleged in substance that by agreement the notes executed by Bowman to Sims for one-half of the purchase money should not be paid until the land was sold; that this agreement was the inducement which led appellant to execute the notes and mortgages to appellee; that appellant should have the exclusive right to fix the sales price and to sell said land; that said appellee agreed to convey to such purchaser as the said Bowman might find and at the price fixed by said Bowman; that on or about the 19th day of June, 1914, appellant found a purchaser who was able and willing to buy said land, but appellee declined to execute a deed to said land as agreed. The cross-complaint contained other matters unnecessary to set out in this opinion as they do not bear directly upon the plea of *res adjudicata* presented by the pleadings in this case. The prayer of appellant's cross-bill not only requested special relief but asked that appellee's bill, seeking a recovery on his notes and mortgages, be dismissed, and for all other just and proper relief.

Appellee, in reply to the cross-bill, denied these allegations.

Evidence was introduced on both sides as to the nature and character of the contract entered into by appellant and appellee.

Upon final hearing, judgment was rendered dismissing the cross-complaint for want of equity and the court rendered judgment in favor of appellee on his note and mortgages. An appeal was prosecuted in that case to the Supreme Court, where the decree of the chancellor was affirmed.

It is insisted by appellant that the contract was pleaded in the foreclosure proceeding for the sole purpose of determining whether or not the notes sued upon were due; also that the evidence introduced, pro and con, as to the nature and character of the contract was for the same purpose. We can not agree with learned counsel in this contention. The scope of the pleadings and evidence, as well as the prayer in the foreclosure proceeding, authorized the court in granting to appellant, C. L. Bowman, all the relief to which he was entitled growing out of his alleged contract, if established, and any breach thereof. He clearly put the nature, character and effect of his contract in issue in his cross-bill in the foreclosure proceeding. Appellant, C. L. Bowman, did not admit his liability on the notes and defend solely on the ground that they were not due, but went further, and asked the court to grant him all the relief to which he was entitled under the allegations in his cross-complaint. One of the allegations was that he was induced to sign the notes and execute the mortgages by a contract to the effect that appellee, Sims, would join him in a conveyance to a purchaser in case he found one who would pay a profit for the land, and that he did find one who was able and willing to purchase the land at a large profit and that appellee Sims refused to execute a deed to him. This allegation, if it had been established by the evidence, would have warranted the court in allowing Sims any damage he might have sustained by reason of the breach of the contract. We think the issue presented by the pleadings in the instant case clearly within the matters, issues and points of controversy litigated and necessarily decided in the foreclosure proceeding.

Our findings bring this case clearly within the rule governing *res adjudicata* laid down by the following authorities: *Shall* v. *Biscoe,* 18 Ark. 142; *Harris* v. *Townsend,* 52 Ark. 411; *McCombs* v. *Wall,* 66 Ark. 336; *Edwards* v. *Wallace,* 108 Ark. 574; Vol. 24 (2 ed.) Am. & Eng. Enc. of Law, p. 784.

No error appearing in the record, the judgment is affirmed.