BLUME *v.* LIGHTLE.

Opinion delivered October 14, 1929.

*John E. Miller,* for appellant.
*Brundidge & Neelly,* for appellee.

MEHAFFY, J. This is an action for $100 per month damages for the rental value of property in Searcy, Arkansas, belonging to the appellees. Appellees, who were plaintiffs below, allege that the appellants were indebted to them in the sum of $1,090, balance of rent due on the theater building in Searcy, for the months of February, March, April, May, June, July, August, September, October and November.

The appellees had brought suit in the White Circuit Court in January, 1928, to recover the possession of the

theater building, and damages for the unlawful detention of same. The appellants filed bond, and retained possession. The cause was tried, and resulted in a judgment for appellees for the possession of the property, and $150 for the retention of the possession of the property for the month of January, 1928. There was an appeal prosecuted to this court, and the judgment of the circuit court was affirmed. *Blume* v. *Lightle*, 177 Ark. 1134, 10 S. W. (2d) 45.

The facts are stated in the opinion above referred to, and it is not necessary to restate them here, but only the facts that have developed since the affirmance of the case in this court need be stated here.

After the affirmance of the case referred to by this court, the present case was tried, and it was agreed that the appellants had paid $150 a month for all the time that the theater building had been detained, but it is the contention of the appellees that they were entitled to $250 a month, and the case was tried before the circuit judge sitting as a jury, and the court found that the appellees were entitled to $250 a month during the time the building was detained by appellants; and, as they had only received $150, judgment was given for $100 a month during the time the building was wrongfully detained.

There are but two questions in the case. First, whether the judgment for possession and $150 a month for the property during January is a bar to plaintiff's right to recover in this case. In other words, the appellants contend that the identical question was determined in the trial of the former suit that is involved here. That is, the amount of damages per month that appellees were entitled to. And the second question is, if the appellees were entitled to recover here, whether they recover up to the time possession was delivered to them, which was on the 12th of the month, or recover for that entire month.

*Res judicata* is a doctrine of peace and the foundation principle upon which the doctrine rests is that par-

ties ought not to be permitted to litigate the same issue more than once; that when a right has been judicially determined by a court of competent jurisdiction, or if an opportunity for such trial has been given, the judgment of the court should be conclusive upon the parties. Public policy and the interest of litigants alike require that there should be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction shall not be retried between the same parties in a subsequent suit. 15 R. C. L. 953.

It has been said that the doctrine of *res judicata* is not to be applied to a denial of justice or to deprive a party of a righteous defense. *E. Souther Iron Co.* v. *Woodruff Realty Co.*, 175 Mo. App. 246, 158 S. W. 69.

But where the parties are the same and the issues are the same, it is not the verdict that may be pleaded as estoppel, but the judgment rendered by the court. In this case the judgment rendered was not for $150 per month, but the court rendered judgment for $150 for the month of January.

The question of rent or the amount of rent subsequent to January was not in issue and was not litigated. If the question of the monthly rent subsequent to that time had been litigated, then the judgment in the former case would be a bar.

Where an issue sought to be litigated in a pending action has already been litigated and decided in a former action the issue is *res judicata*. *Bowman* v. *Sims*, 135 Ark. 450, 205 S. W. 820; *Davis* v. *Cook*, 189 Ark. 85, 251 S. W. 691.

The real controversy in the original suit was whether or not appellees were entitled to the possession of the property. The matter of damages from the time they were entitled to its possession up to judgment was incidental, only involved the rent for the month of January, and it was not intended to settle, and did not settle the controversy about the amount of the rent thereafter.

There might have been many things that would have changed the rental value of the property. The property might have been more valuable, and, after the judgment, appellees might have been able to rent it for $500 a month. On the other hand, it might have depreciated in value so that it would not have been worth $150 a month, and we do not think that the question of the rental value of the property subsequent to the month of January, for which a judgment was given, was involved in the former suit.

When the former judgment was rendered, appellants could have delivered possession of the property and paid the rent up to that time, and would not have been liable for anything further, but they did not do this. They not only appealed to this court, but gave a supersedeas bond, and retained possession of the property, and, in doing that, they made themselves liable for all the damages suffered by the appellees by reason of their detention of the property, and the undisputed proof shows that this was $250 a month, and, $150 only having been paid, they were entitled to a judgment for the $100 a month additional.

We do not think that the appellees were entitled to the $90 rent, which was the amount claimed for the balance of the month after possession was delivered to them, for the reason that there is no question of rental from month to month involved. It might as well be said that it was a rental from year to year, and that if they kept possession by reason of the supersedeas bond and delivered it in the middle of the year, they would be liable for the balance of the year's rent. We think that when they gave the bond and kept the property they were liable for the rental value up to the time that possession was delivered to the appellees.

The judgment of the circuit court, therefore, will be modified by disallowing the $90, and the case will be affirmed for $940. It is so ordered.

HART, C. J., and SMITH, J., think the judgment should be affirmed.