The judgment is therefore affirmed.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* HILL.

Opinion delivered December 6, 1909.

APPEAL AND ERROR—FORMER DECISION AS LAW OF CASE.—The opinion of this court upon a former appeal is the law of the case.

Appeal from Hot Springs Circuit Court; *W. H. Evans,* Judge; reversed.

*Kinsworthy & Rhoton, Bridges, Wooldridge & Gantt,* and *Jas. H. Stevenson,* for appellant.

The uncontradicted evidence is that Ferguson had been discharged by appellant before he discharged appellees. The case should be reversed for misconduct of counsel for appellees. 58 Ark. 473; 61 Ark. 130; 62 Ark. 216; 58 Ark. 353; 70 Ark. 305. Improper statements are not cured by withdrawal or ad-

monition.  61 Ark. 138; 63 Ark. 174; 65 Ark. 626; 92 Ind. 34; 76 N. W. 462; 123 Ill. 333.

H. B. *Means, J. C. Ross* and *R. S. Bowers,* for appellees.

Acts of an agent done after discharge bind both himself and principal, so far as regards third persons who have had no notice of the revocation of his authority.  44 Ia. 519; 74 N. Y. 599; 21 La. Ann. 388; 84 Ill. 39; 128 Mass. 240; 61 Me. 480; 66 Ind. 243; 95 U. S. 48; 49 Ark. 320.  Where an objectionable remark made by counsel has been withdrawn, the case will not be reversed therefor.  67 Ark. 365; 71 Ark. 427.

Hart, J.  This is the second appeal in this case.  The former appeal is reported in 83 Ark. 288 under the style of *St. Louis, I. M. & S. Ry. Co.* v. *Broomfield.*  The suit was originally brought by section hands of the railway company to recover their wages and the accrued penalty under section 6649 of Kirby's Digest.  The judgment was reversed, and the cause remanded for a new trial.  A verdict was again returned for the plaintiffs, and the defendant has appealed from the judgment rendered upon the verdict.  It is conceded that their wages were paid the plaintiffs at the former trial, and that only the penalties are involved in this suit.  In the opinion on the former appeal the court said: "The case turns upon whether Ferguson was competent to discharge these men at the time that they claim he did, and whether the request made of him to have their money sent to the station agent at Malvern brings their case within said section 6629 of Kirby's Digest, entitling them to penalties for not receiving their money within seven days after discharge.  If he was foreman at that time, and they made the request, as they testified, they were entitled to their penalties. If he was not, the company was not bound either by his discharge of them or the request of these men to him that their money be sent to them at Malvern."

This is the law applicable to further proceedings in the case.  *Perry* v. *Little Rock & Fort Smith Railway Co.,* 44 Ark. 395; *Dyer* v. *Ambleton,* 56 Ark. 170.  There is a conflict in the testimony as to whether plaintiffs knew that the section foreman had been discharged at the time he discharged them; but this evidence becomes immaterial in view of the law as declared by the court on the former appeal, which, as we have

already seen, whether right or wrong, is the law of the case. The question, then, is, does the uncontradicted evidence show that the section foreman had himself been discharged before he discharged his crew?

The undisputed testimony shows that Ferguson, the section foreman, received his discharge the 22d day of December, 1905, a little before or at 7 o'clock in the morning at the station of the railway company at Malvern, Arkansas, and that at that time he turned over his reports to his successor. The plaintiffs, Harry Hill and Jack Taylor, testified that they were discharged at the tool or section house about 7 o'clock A. M., or a little later on December 22, 1905. The plaintiff Rufus Graham testified that he met the section foreman between the section house and the depot about 7 o'clock on the morning of December 22, 1905, and was discharged there near the station house. He said that the foreman was going from the station toward the section house, which was about one-fourth of a mile distant from the station. Hence it is plain that, after receiving notice of his own discharge at the station, the foreman started to the section house, and on the way met Graham and discharged him; and that when he arrived at the section house he discharged Hill and Taylor. We have examined the record carefully, and do not find any testimony that would warrant the jury in finding that the foreman went to the section house and discharged the men before he went to the station and received his own discharge. Hence we conclude that the undisputed evidence shows that the section foreman was discharged before he discharged the men. For the reason that there is not sufficient evidence to support the verdict, the judgment is reversed, and the cause dismissed.