WESTERN UNION TELEGRAPH COMPANY *v.* FURLOW.

Opinion delivered May 7, 1917.

1. APPEAL AND ERROR—FORMER APPEAL.—The law as laid down on a former appeal is binding in a second appeal of the cause.
2. TELEGRAPH COMPANIES—DELAY IN DELIVERING MESSAGE—DILIGENCE. Whether a telegraph company exercised due diligence in attempting to deliver a telegraph message to the addressee, is a jury question.
3. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—MENTAL ANGUISH—AMOUNT OF DAMAGES.—One H. sent a telegraph message to one Y., directing Y. to meet his daughter, who would arrive at Y.'s station at 2 a. m. The telegraph company negligently failed to deliver the message. Y.'s daughter arrived, with a young baby, and not being met by her father, lost her way in attempting to find his house, but after about thirty minutes she was directed to her father's home. She suffered a temporary nervous breakdown, but recovered in two weeks, sustaining no permanent injury. *Held*, a verdict for $1,000 damages was excessive, and would be reduced to $500.

Appeal from Lafayette Circuit Court; *George R. Haynie,* Judge; modified and affirmed.

*Albert T. Benedict, Francis Raymond Stark* and *Charles Todd,* nonresidents, and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

1. The court should have directed a verdict for defendant. 121 Ark. 249; 102 *Id.* 607; 77 *Id.* 534; 71 *Id.* 604; 97 *Id.* 226; 108 *Id.* 92; 110 *Id.* 605.

2. The court erred in its instructions.

3. The verdict is excessive.    85 Ark. 267; 113 *Id.* 9.

*Searcy & Parks,* for appellee.

1. This case is governed by the law as settled on the former appeal. There are no new issues or additions, nor different testimony. 121 Ark. 246. There is no error in the instructions; the verdict is sustained by the evidence and is not excessive. Two juries have passed on the case and it should be affirmed.

HUMPHREYS, J. This is the second appeal in this case. On the former appeal, the judgment was reversed because the trial court erred in two particulars, as follows:

*First.* In excluding evidence that the stenographer employed by the Stout Lumber Company had agreed to deliver the telegram to Lee Young, father of appellee, to whom the telegram was sent, and who was in the employ of the Stout Lumber Company.

*Second.* In permitting counsel, in his closing argument, to bear witness to the good character of Mr. Young.

The law of the case as to the duty of the telegraph company to deliver messages was laid down as follows: "The majority are also of the opinion that no error was committed in refusing appellant's seventh instruction. That this is true because the undisputed evidence is that the message was received before 6 P. M., and having been so received before the closing hour, that it was the duty of appellant's agent to make a reasonable effort thereafter to deliver the message. The view of the majority is that, while the telegraph company was under no duty to receive the message at Thornton after 6 P. M., yet, having received the message, before that hour, its duty in the premises required appellant to exercise ordinary care to deliver the message, although the delivery could not have been made until after 6 P. M."

It is now insisted that this declaration of law was announced in the case because a majority of the court

"overlooked the fact that the sender of the message, Mr. Hendrix, was the uncle of the plaintiff and the manager for the defendant at Lewisville." In referring to the facts recited by the court, 121 Ark., at page 245, it is apparent that the court did not overlook these facts. It was there said: "The proof is to the effect that she was visiting her uncle, who was appellant's manager at Lewisville, Arkansas."

The facts in the case on the former appeal are adopted by the court as the facts made by the record in the case now before us, with the following modifications: H. D. Hendrix testified in the present case that he told appellee that the office at Thornton would close at 6 P. M., and that it was then 5:30. Her response was to go ahead and send the message. This testimony was not given in the former trial.

E. O. McRae testified in the case now before us that Miss Troutman, the stenographer in the Stout Lumber Company's office, said that she would take the message and deliver it to Lee Young; also that he was mistaken when he testified on the first trial that he knew where Lee Young lived.

The statement made by Hon. Tilman B. Parks to the effect that "he and Mr. Young had been raised boys together and had loved each other like brothers ever since, and Mr. Young's veracity was beyond question," is omitted from the record now before us. With these modifications, the statement of facts recited in the record on the original appeal is in all material parts the same as the statement of facts now before us.

(1) The rule of law announced on the former appeal in the case being the law of this case under the facts disclosed by the record, it is useless to enter upon a discussion as to whether the rule announced in this case on the former appeal conflicts with the law as declared in other cases decided by this court. In handing down the opinion on the former appeal, it was said by the writer that the majority opinion was in conflict with the law laid

down in *Western Union Tel. Co.* v. *Turley,* 108 Ark. 92, and not in accord with *Western Union Tel. Co.* v. *Alford,* 110 Ark. 379. The majority took the view that the law as declared herein did not conflict with the law laid down in those cases. The law as declared by the majority is binding on the court as far as this case is concerned.

It is contended by appellant that the court committed reversible error in refusing to give the following instruction: "Defendant owed no duty to deliver the message after 6 o'clock P. M., June 20, 1914, and it was not negligence to fail to deliver the message after said hour at the home of the addressee." The court said on the former appeal that under all the facts and circumstances it was a question for the jury to say whether or not greater diligence should have been exercised in the attempt to deliver the message. The instruction asked and refused by appellant was in direct conflict with this declaration by the court.

(2) Instruction No. 4, asked by appellant and refused by the court, was an effort in another form to get the court to say under the undisputed facts, that appellant had exercised ordinary care and diligence to deliver the message in question to the addressee. The law of this case has been otherwise declared. Under the facts and circumstances in this record, the question of whether the company should have exercised greater diligence in attempting to deliver the message to the addressee, after receiving same, was a question for the jury and not the court.

(3) Appellant insists that the verdict is excessive. This presents a question not considered or discussed by the court on the former appeal. The judgment was reversed on other grounds, hence it was unnecessary to consider or discuss the amount of damages awarded by the jury. Appellee obtained a judgment for $1,000 in this case. H. D. Hendrix, appellee's uncle, had wired Lee Young, her father, to meet appellee and her baby at the train on the night of June 20, 1914. The train arrived at

Thornton, a sawmill town, between 1 and 2 o'clock A. M. Appellee was almost sure her father would meet them at the depot. Not having received the telegram, Mr. Young did not meet them. Appellee had lived at Thornton and visited her father there often. She was familiar with the town. After the train departed, she started to her father's home. On account of the darkness, she lost her bearing and went in the wrong direction. She discovered that she was lost, and hearing some men hallooing, she called to them and a young white man went to her and assisted her home. She had been wandering around twenty or thirty minutes, back of the depot, when young Ethridge responded to her call. He assisted Mrs. Furlow to her father's home. The evidence tends to show that on account of the fright at finding herself alone and lost, she had a temporary nervous breakdown after she reached her father's home. Medical attention was administered and she fully recovered in two weeks. No permanent injury resulted. Her damages consisted in the mental anguish endured until Mr. Ethridge reached her, and the temporary shock to her nervous system. On June 23, three days after Mrs. Furlow reached Thornton, Mr. Young wired her husband, in response to a telegram asking whether he should come, as follows: "Lucile much better. Need not come on her account."

No lasting ill effects resulting from the fright and nervous shock, the court is of the opinion that the verdict was excessive, and should be reduced to $500.

The judgment is so modified, and, as modified, affirmed.