MISSOURI PACIFIC RAILROAD COMPANY *v.* WALNUT RIDGE-ALICIA ROAD IMPROVEMENT DISTRICT.

Opinion delivered October 8, 1923.

1.  APPEAL AND ERROR—FORMER DECISION ON APPEAL.—The decision of this court on a former appeal herein becomes the law of the case, which must control throughout the litigation.

2.  HIGHWAYS—ABANDONMENT OF IMPROVEMENT—APPORTIONMENT OF EXPENSES.—Where, in determining appellant's proportion of the expenses of an abandoned road project, it appears that the tax on appellant's property, based upon the county assessment, exceeds the amount of the benefits assessed against the land, the court should reduce the tax on such property so as not to exceed the total of the assessed benefits.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; reversed in part.

*Ponder & Gibson* and *T. B. Pryor,* for appellant.

Act 43 of the special session of 1919 was an act to amend act 426, and confirmed the assessments which had

298 Mo. Pac. R. Co. *v.* Walnut Ridge-Alicia Dist. [160

previously been made by the commissioners and declared them to be the assessment of benefits of the district, thereby repealing by implication § 30 of act 426 forming the district. There is a distinction between the conditions found in 153 Ark. 51, 81 Ark. 562, and 107 Ark. 285, and in the present instance, as here the Legislature had determined the benefits. The assessment on the valuation for State and county purposes is arbitrary and unreasonable. The present case is distinguished from that in 153 Ark. 51, in that there the assessments had not been approved, and were therefore incomplete and furnished no certain means to know just what the assessment would finally have been. Here the assessments were approved by the Legislature. The assessment is arbitrary and unreasonable, and a taking of property without due process of law. The figures as set out in the transcript are conclusive. 153 Ark. 587. The law as attempted to be enforced is an infringement of fundamental rights and in violation of the 14th Amendment to the Constitution of the United States. 204 U. S. 241. This amendment clearly constitutes a limitation on the power of States. 12 C. J. 1194; *Id.* p. 1195, and cases.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

To give the act of 1920 the effect contended for by appellant would be to deprive creditors of any method of collecting their debt, and would be in contravention of art. 1, § 10 of the Const. of the United States. 102 U. S. 206. Such acts levying an *ad valorem* tax have been sustained many times. 81 Ark. 562; 121 *Id.* 105; 72 *Id.* 119; 77 *Id.* 384; 108 *Id.* 421; 98 *Id.* 116; 103 *Id.* 127, and recently reaffirmed in 157 Ark. 354. For decisions holding that acts or court decisions cutting off constitutional rights or remedies are invalid, see 5 Ark. 506; 25 *Id.* 625; 24 *Id.* 91; 15 Howard 304. Controverting the contention of appellant that the assessment against appellant should be upon the assessment of benefits and against the remaining property owners on the

*ad valorem* basis, as a violation of the equality clause
of the Constitution, see 32 Ark. 31; 48 Ark. 251; 48 Ark.
370; 57 Ark. 554; 130 Ark. 74; 119 Ark. 203. Only one
method is provided for paying the debts of the district,
and, if that be stricken down, the claims of the creditors
go unpaid. See 150 Ark. 525.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellant,
in reply.

The Legislature has determined for itself the valid-
ity of the assessments made on the property of the dis-
trict, and anything in excess of this amount would be a
taking of property without due process of law. See 113
Ark. 364; 107 Ark. 285; 97 Ark. 322; 86 Ark. 1; 51 Wash.
12, 23 L. R. A. (N. S.) 286. As held by the trial court,
appellant will be required to pay $255.14 more than the
benefits assessed against its property. The taxes, in
other words, cannot exceed the anticipated benefits.

McCulloch, C. J. Appellee is a road improvement
district created by a special statute enacted by the Gen-
eral Assembly at the regular session of 1919. Road Acts
1919, vol. 2, p. 1752. The statute provided for an assess-
ment of benefits for the purpose of raising funds to pay
for the construction of the improvement, but § 30 of the
statute provided that, if the improvement should not be
made, "all expenses and costs accrued at that time shall
be charged against the real property of the district, and
the amount necessary to discharge all such indebtedness
shall be levied by the chancery court of Lawrence County
upon real property in proportion to the county assess-
ment, and collected by a receiver to be appointed by said
court."

The assessment made by the assessors of the dis-
trict, pursuant to the statute, was confirmed and ap-
proved by special act of the General Assembly, enacted
at the extraordinary session in February, 1920. Later
it was ascertained that it was impracticable to construct
the improvement, and it was abandoned. This was after
there had been preliminary expenses, consisting of en-

gineers' fees and other expenses. After the abandonment of the work, the engineers who performed the preliminary work, and other creditors, commenced an action in the chancery court of Lawrence County, pursuant to § 30 of the statute, *supra,* for the ascertainment of the amount of their claims and the levy of assessments in accordance with the section mentioned. Owners of land in the district, including the present appellant, intervened in that suit to contest the claims of the creditors. The court rendered a decree ascertaining the amount of the claims against the district, but refused to levy assessments according to the mode prescribed in § 30. The court, on the contrary, discarded that method of assessment and levied a proportionate tax on the assessments of benefits. According to that method of assessment, appellant's tax amounted to the sum of $172.58. The benefits on appellant's property in the district were assessed by the district assessors at the total sum of $6,637.50.

In resisting the assessments, appellant and the other protestants attacked the validity of the district. There was no appeal from that part of the decree which adjusted and fixed the claims of creditors, but, on an appeal from the other features of the decree, we decided that the attack upon the district by the owners of property was unfounded. In dealing with the question as to the method of assessment, we held that the tax to pay the preliminary expenses must be levied "in proportion to the county assessment," as prescribed by § 30 of the statute. *Neterer* v. *Dickinson & Watkins,* 153 Ark. 5. In disposing of that question we said:

"Even if it be held that the presumption of the legislative determination that benefits will accrue in that proportion is excluded by the further provision in the statute for an actual assessment of benefits, it does not render invalid the provisions for the payment of preliminary expenses by taxation in proportion to the assessment for county purposes. The two methods of

assessment are for wholly different purposes. One is for the payment of the cost of the completed improvement, which must be by taxation based upon and apportioned on benefits to accrue. The other is a mere provision for the payment of preliminary expenses where the improvement is not undertaken at all. This provision necessarily implies a determination by the Legislature that there are anticipated benefits, at least to the extent of the cost of the preliminary expenses, apportioned according to assessments for county purposes, but it is neither unfair nor violative of any right of landowners to provide that, in the event the contemplated improvement is not undertaken, the preliminary expenses shall be paid according to value, and not according to anticipated benefits. The distinction lies between the payment of preliminary expenses and payment of the actual cost of the improvement. Where an attempt to construct the improvement proves abortive and has to be abandoned, it is fair to exact contributions from all of the lands according to value, provided the taxation does not exceed the anticipated benefits, and, as before stated, this feature of the statute must be treated as a determination that a proportionate assessment of taxation for the payment of preliminary expenses will not exceed the anticipated benefits. It is not even shown in the present instance that the assessments apportioned according to assessed value will exceed, as to any tract of land. the assessed benefits.''

The cause was reversed, and remanded "with directions for further proceedings in accordance with this opinion.''

On the remand of the case the present appellant renewed its protest against the assessments and set up the fact, in support of its contention, that, under the statutory method of assessment on valuations fixed by the county assessments, the gross amount of appellant's assessment would be $6,992.64, which is $355.14 more than the assessment of benefits as approved by the legislative act referred to above. The chancery court ren-

dered a decree levying the taxes on the valuation fixed in the county assessment, as directed by this court, and appellant has prosecuted an appeal to this court.

It will be observed, from the above recitals of the history of this litigation, that the present appeal is but a continuation of the suit involved on the former appeal, and, that being true, the decision of this court on the former appeal becomes the law of the case, which must control throughout the litigation. The chancery court was therefore correct in levying the assessments in accordance with the statute levying the taxes on the valuation assessed for county purposes, but, when it was brought to the attention of the court by the plea of the appellant that its property under this assessment exceeded in the sum of $355.14 the total benefits as assessed and confirmed, the tax on appellant's property should have been reduced to that extent so as to conform to the law as announced by this court.

It will be observed, from the opinion on the former appeal, that we declared the law to be that, where the improvement is abandoned, the tax to pay the preliminary expenses shall be levied "according to value, provided the taxation does not exceed the anticipated benefits." The fact that the assessment of this particular property owner exceeds the total assessed benefits on the property of that owner does not render the whole assessment invalid, but calls for a reduction of the assessment down to the amount of assessed benefits so as to conform to the law as decided in the case. This does not constitute a change in the basis of the assessment, but merely makes the assessment conform to the methods prescribed by the statute, that the limitations which we have set must be read into the statute—that the tax cannot exceed the total assessed benefits.

The decree is therefore reversed in part, and the cause will be remanded with directions to reduce the amount decreed against appellant's land to the above specified total amount of the assessed benefits

Hart, J., dissents.