INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY v.
MEYERS STAVE & MANUFACTURING COMPANY.

Opinion delivered May 19, 1924.

1. APPEAL AND ERROR—OPINION ON FORMER APPEAL.—The opinion of the Supreme Court on a former appeal is the law of the case.

2. ESTOPPEL—SILENCE.—To constitute an estoppel by silence, there must not only be a duty to speak, but the party relying on the estoppel must have acted on the representations or silence of the opposing party and have been misled to his prejudice.

3. INSURANCE—ESTOPPEL TO ASSERT BREACH OF WARRANTY.—Under a policy insuring lumber, providing for a 200-foot clear space between the lumber insured and the mill, mere silence of an agent of the insurer when he saw the lumber stacked in a dry kiln within such space did not estop the insurer from asserting a breach of warranty where no claim that such lumber was covered by the policy was brought to his attention and nothing occurred requiring him to speak.

Appeal from Clay Circuit Court, Eastern District; W. W. Bandy, Judge; reversed.

STATEMENT OF FACTS.

Meyers Stave & Manufacturing Company sued the Indiana Lumbermen's Mutual Insurance Company and other insurance companies on six policies of insurance in the sum of $3,000 each.

The plaintiff was engaged in the manufacture of staves and lumber at Piggott, Arkansas, and the insurance policies in question covered its staves and lumber within a continuous clear space of 200 feet. On the 17th day of August, 1921, while the policies were in force, the plaintiff had staves of the value of $5,000 destroyed by fire. The staves were stacked in a dry-kiln at the time they burned. The dry-kiln was located only 20 feet distance from the mill and engine-room, and there was not maintained a clear space of 200 feet between it and the manufacturing establishment as defined in the policies.

The plaintiff recovered judgment, and the case was appealed to the Supreme Court. In an opinion delivered on April 9, 1923, this court held that, under a fire insurance policy covering "staves, lumber and all other timber

products'' and warranting ''that a clear space of 200 feet shall be maintained between the property insured and any woodworking or manufacturing establishment, and that said space shall not be used for the handling or piling of lumber thereon for temporary purposes,'' except while in transportation or being loaded or unloaded, the warranty excluded liability for staves which were burned in a dry-kiln only 20 feet distant from the mill and engine-room. *Indiana Lumbermen's Mutual Ins. Co.* v. *Meyers Stave & Mfg. Co.,* 158 Ark. 199.

On the former appeal the court did not undertake to determine the legal sufficiency of the evidence to make out a case of waiver by estoppel. Upon the remand of the case the complaint was amended so as to state the grounds upon which a recovery was claimed on the basis of estoppel. At the trial of the case it was shown by the plaintiff that it owned 13 acres of land on which its plant is located. It had staves worth $20,000 stacked on its yards, and it is admitted by the insurance companies that these staves are covered by the policies sued on. The plaintiff also had staves worth something over $5,000 stacked in its dry-kiln. These were the staves which were destroyed by fire, and which are the subject-matter of this lawsuit. The staves in question were not placed in the dry-kiln for the purpose of being dried in the usual way, but were merely stacked there to preserve them, just as staves were stacked on the yards. The staves which were burned in the dry-kiln did not have a continuous clear space of 200 feet, as provided in the policies, and the dry-kiln was situated only 20 feet from the mill and engine-rooms. After the dry-kiln was erected, an agent of the insurance companies examined the plant and yards of the plaintiff and made a plat or sketch of the same. At this time the staves were stacked in the dry-kiln, and the agent of the insurance companies saw them stacked there. The sketch or plat of the plant was made with the view of the plaintiff's obtaining insurance on its plant and fixtures. It already had insurance on its staves. The policies sued

on were either in force at that time, or they are renewals
of policies which were in force at that time. The agent of
the insurance companies did not tell the plaintiff that
the staves stacked in the dry-kilns were not covered by
the policies then in force, nor does it appear that he was
asked any questions with regard thereto.

The jury returned a verdict for the plaintiff, and
from the judgment rendered the defendants have duly
prosecuted an appeal to this court.

*Harper E. Harb* and *Oliver & Oliver,* for appellants.

1. Under the evidence in the case, appellant was
entitled to an instruction to the effect that, before the jury
could find for the plaintiffs, they must find from a pre-
ponderance of the evidence that the plaintiffs were with-
out knowledge of the fact that the staves, while in the
dry-kiln, were not insured, and were without means of
obtaining such knowledge. 21 C. J. 1119, § 122; Pome-
roy's Equity Jurisprudence § 805.

2. The verdict should have been directed for the
appellant. There is no evidence anywhere in the record
sufficient to raise an estoppel. 97 Ark. 43; 21 C. J. 1139,
§ 139, and authorities cited.

*W. E. Spence* and *Gautney & Dudley,* for appellees.

Any action on the part of appellant which led ap-
pellees honestly to believe that a forfeiture of the policies
would not be incurred will estop the company from insist-
ing on a forfeiture. 94 Ark. 222; 99 Ark. 476; 53 Ark.
495; 111 Ark. 229; 79 Ark. 315; 122 Ark. 243. Knowl-
edge on the part of the appellants that the warranty of
a continuous clear space clause did not represent the
existing state of facts, and that there was no intent to
change the situation, prevents a forfeiture of the policies
for a breach of the warranty, where the company accepts
the premium and issues or renews the policy without
taking any steps subsequently to rescind it, though know-
ing of the breach of warranty. 94 Mich. 389, 22 L. R. A.
319. See also 122 C. C. A. 346, 204 Fed. 32; 52 Ark. 11;
142 Ark. 132; 131 Ark. 77; 53 Ark. 215; 26 C. J. 313,
§ 389.

HART, J., (after stating the facts). The main reliance of the insurance companies for a reversal of the judgment is that the verdict is without legal evidence to support it, and in this contention we think counsel for the insurance companies are correct.

It is sought to uphold the judgment upon the authority of *Michigan Shingle Co.* v. *State Investment Ins. Co.*, 94 Mich. 389, 22 L. R. A. 319. In that case it was held that the knowledge of an insurance agent that a warranty by the insured that "a continuous clear space of 150 feet shall hereafter be maintained" between the property insured and any woodworking or manufacturing establishment, did not represent the existing state of facts and that there was no intent to change the situation and that the insured could not control a clear space for that distance, prevents a forfeiture of the policy for breach of the warranty, where the agent accepts the premium and issues the policy without taking any steps subsequently to rescind it, though knowing of the breach of the warranty, and it appears that, on account of the situation of the property, the manner of its use, and its proximity to water, he considered that the existing space was equivalent to that required.

In the first place we do not think that this case is applicable to the facts presented by the record in the case at bar. If the fire had destroyed the staves on the yards of the plaintiff and suit had been brought under the policies to recover for their loss, the case would be in point.

In the Michigan case the record shows that, although the clear space referred to was not 150 feet, as provided in the policy, yet that, on account of the situation of the property, the manner of its use and its proximity to water, it was considered equivalent to that distance by insurance men, and the testimony clearly showed that it was so-considered by the insurance company's agent who wrote the policy and placed the distance at 150 feet.

Under that authority, as applied to the facts in the present case, the insurance companies would be estopped

from claiming that the staves stacked in the yards were not covered by the policies, although there was not a continuous clear space of 200 feet between the staves stacked in the yards and the working or manufacturing establishment.

In the second place, it may be said that the Michigan case could not in any event control the present case. Under the former opinion it was held that the insurance policies did not cover the staves stacked in the dry-kiln, and that opinion is the law of the case. The case was remanded for a new trial solely on the question of whether there was a waiver by estoppel on the part of the insurance companies, but we fail to see any grounds upon which to base an estoppel upon the part of the insurance companies.

Silence is a species of conduct and constitutes an implied representation of the existence of the state of facts in question, and an estoppel based upon it is a species of estoppel by misrepresentation. To constitute an estoppel either by silence or by express representations, there must not only be a duty to speak, but the party relying upon the estoppel must have acted upon the representations or silence of the opposing party and have been misled to his prejudice.

"To constitute it (silence) an estoppel, there must be both the opportunity and the duty to speak; and the action of the person asserting the estoppel, which was induced by it, must be the natural and obvious result of the silence, and the party maintaining silence must be in a situation to know that some one else is relying thereon, and acting, or about to act, as he would not had he spoken and asserted his right." *Rector* v. *Bd. Imp.*, 50 Ark. 116; *L. R. Cooperage Co.* v. *Lanier*, 83 Ark 548; *Baker-McGrew Co.* v. *Union Seed & Fertilizer Co.*, 125 Ark. 146, and *Wiser* v. *Lawler*, 189 U. S. 260.

Putting the case on this point as strongly as the evidence would warrant us, it does not amount to an estoppel under the rule just announced. The agent of the insurance companies visited the plant of the plaintiff after

it had insured the staves on its yard and policies of insurance had been issued on the same blank forms as the ones used in the policies sued on. Some of the policies sued on were in force at that time, and others are renewals of those which were in force at that time.

The agent of the insurance companies made a sketch or plat of the plant and fixtures with a view to insuring them. While examining the premises, he saw the staves stacked in the dry-kiln, but his attention was not called to the fact that the plaintiff claimed that these staves were covered by the policies sued on. His attention was not even called to the fact that the staves were simply stacked there. For aught that the record discloses, he may have thought that they were stacked there for the purpose of being dried and shipped out in the usual way. He was not called upon to speak in the matter at all, and the plaintiff was not in any way misled by his silence in the premises.

It is not claimed that he made any representations whatever about it. The agent of the plaintiff in charge of the plant did not ask him anything about the matter at all, and it does not appear that anything occurred which would make it incumbent upon him to speak. It does not appear that the plaintiff could have been misled in any way by his conduct or actions.

The result of our views is that the staves burned are not covered by the policies of insurance sued on, and the verdict of the jury is without evidence to support it.

It follows that the judgment must be reversed, and the cause of action of the plaintiff will be dismissed.