Missouri Pacific Railroad Company *v.* Foreman.

4-4718

Opinion delivered July 12, 1937.

*R. E. Wibey* and *Richard M. Ryan*, for appellant.

*Farmer Tackett* and *Tom W. Campbell*, for appellee.

Smith, J. Appellee's intestate was killed at a crossing by one of appellant's passenger trains. The usual questions arising in such cases are present in this case, and are discussed in the briefs of opposing counsel. We find no error in the record except in the particulars hereinafter stated.

There was a sharp conflict in the testimony as to whether the whistle was blown or the bell rung as the train approached the crossing, and in discussing the character of the crossing Mr. Tackett, of counsel for appellee, in his argument before the jury, said: "I have been over that crossing many times, and lots of you men have, and it is a death trap, and there is not another one like it in the State." Upon objection being made to the argument the court said: "Mr. Tackett, you

will have to confine your argument to the testimony." Further along in his argument counsel said: "If the jury returns a verdict in favor of the plaintiff there will not be a meal missed by an official of the Missouri Pacific Railroad Company." Upon objection being made to the argument counsel said: "I will withdraw any remarks I have made if they were not permissible." Counsel for defendant said: "I will ask the court to charge the jury to disregard it." Whereupon the court said: "I think that is a legal deduction in the first place; in the next place I will charge the jury they will consider the testimony." Exceptions were duly saved in both instances.

We think the argument in each instance was erroneous and prejudicial, and that the ruling of the court did not operate to remove the prejudice.

In the first instance the statement of counsel was an affirmative and very emphatic declaration of a fact upon one of the controverted issues in the case based upon his personal knowledge. It was in the nature of testimony, and the court did not direct the jury that it could not be so considered; on the contrary, the ruling was that counsel would have to confine his argument to the testimony. But the jury was not told that counsel's statement was not testimony, as should have been done.

The second statement of counsel was not withdrawn, nor was the jury told that it was improper. Counsel did propose to withdraw the remarks, but upon the condition only that they "were not permissible," but the court did not so hold; on the contrary, the argument was apparently approved by the court. Such is the effect of the ruling that "I think that is a legal deduction in the first place," and that holding was not qualified by saying "I will charge the jury they will consider the testimony." If, in fact, this was a "legal deduction," as the court stated it to be, it was not improper for the jury to consider it. The fair—if not the necessary—"deduction" is that a judgment in the plaintiff's favor in the case on trial, in comparison with the total operating costs of the railroad, would be so in-

considerable that "there will not be a meal missed by an official of the Missouri Pacific Railroad Company." The ability of the railroad company to respond in damages and to pay the judgment was not a proper matter for the jury to consider. The only questions which should have been submitted to and decided by the jury were (a) that of the liability of the railroad company for intestate's death, and (b) if liable, the proper compensation to be awarded; and these questions—both of them—should have been decided without reference to appellant's ability to pay, there being no claim for punitive damages. Many of our cases are cited in the briefs upon the questions (a) whether or not an argument was improper and erroneous, and (b) if so, whether the prejudice thereof had been or could be removed. We do not review these cases in this opinion, but applying the principles which all of them have announced, we state our conclusion to be that both arguments were erroneous, and, if this be true, the prejudice thereof was not removed by the rulings of the court.

In the case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Hairston,* 125 Ark. 314, 188 S. W. 838, we quoted with approval from the chapter on "Argument of Counsel" in 2 R. C. L. 425, the following statement of the law: " 'It is the unquestionable privilege of counsel to indulge in all fair argument in favor of the contention of his client. But he is outside of his duty and his right when he appeals to prejudice irrelevant in the case. Properly, prejudice has no more sanction at the bar than on the bench. An advocate may make himself the *alter ego* of his client, and indulge in prejudice in his favor. He may even share his client's prejudices against his adversary, as far as they rest on the facts in his case. But he has neither duty nor right to appeal to prejudices, just or unjust, against his adversary, *dehors* the very case he has to try. The fullest freedom of speech within the duty of his profession should be accorded to counsel, but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices ir-

relevant to the case and outside of the proof. * * * Where the admonition of the court does not prove sufficient to prevent improper and dangerous appeals to the prejudices of jurors, it becomes necessary rigidly to enforce the general rule that requires a reversal whenever the error is raised by a proper exception.' ''

Here, proper exceptions were saved, and for the errors indicated the judgment will be reversed and the cause remanded for a new trial.

HUMPHREYS and MEHAFFY, JJ., dissent.