COCA-COLA BOTTLING COMPANY OF SOUTHEAST ARKANSAS *v.* BELL.

4-5204                                              120 S. W. 2d 566.

Opinion delivered October 24, 1938.

*Rowell, Rowell & Dickey,* for appellant.

*F. D. Goza* and *Glover & Glover,* for appellee.

SMITH, J. This is the second appeal in this case, the opinion on the former appeal appearing in 194 Ark. 671, 109 S. W. 2d 115. As appears from that opinion, the case was tried upon the theory that appellee had amoebic dysentery, which had been contracted by drinking a bottle of Coca-Cola, manufactured and bottled by appellant, in which there was a fly carrying the germ of that disease.

We there announced our conclusion that the testimony did not support the finding that appellee's amoebic dysentery was caused by the presence of a fly in the bottle, and we, therefore, reversed the judgment, awarding damages in the sum of $7,500, to compensate appellee's suffering from that disease, but we did not dismiss the case, because we did not know that the Coca-Cola had not caused some other damage. We there said: ". . . but if there was other damage compensation for that damage, alone, may be recovered."

The intention and effect of that direction was to exclude, from a second trial, any question of compensation for appellee's suffering from amoebic dysentery, for the reason that the only possible cause for contracting this disease, which could be attributed to the bottling company, was the presence of a fly in the bottle, and for the reason, stated in the former opinion, there was no liability on that account. That opinion became the law of this case on the question of appellee's suffering from amoebic dysentery, and should not, therefore, have been submitted to the jury. *Missouri Pacific Rd. Co. v. Foreman, ante* p. 636, 119 S. W. 2d 747.

The case was remanded with directions to determine whether appellee had sustained any other damage, and for that purpose alone. The question whether appellee had amoebic dysentery was excluded from the case upon our finding, in the former opinion, that the bottling company was not responsible for the existence and consequences of that ailment.

Appellant requested the court to charge the jury that expenses incurred in having appellee treated for amoebic dysentery could not be recovered from the bottling com-

pany. The court, over appellant's objection, modified this instruction by adding a phrase reading as follows: "Unless a preponderance of the evidence convinces you that the amoebic dysentery was caused by the drinking of the Coca-Cola as alleged." This, in view of what we have just said, was error requiring the reversal of the judgment. The cause will be remanded, with a renewal of the direction contained in the former opinion that the jury determine what damage, if any, appellee sustained from drinking the Coca-Cola, excluding the amoebic dysentery, for which ailment we had held there was no responsibility on appellant's part.

HUMPHREYS and MEHAFFY, JJ., dissent.