COCA-COLA BOTTLING COMPANY OF SOUTHEAST ARKANSAS
*v.* BELL.

4-5675 134 S. W. 2d 549

Opinion delivered December 4, 1939.

*Gordon E. Young, Joe W. McCoy* and *Rowell, Rowell & Dickey,* for appellant.

*F. D. Goza* and *Glover & Glover,* for appellee.

SMITH, J. This is the third appeal in this case. Opinions on the former appeals appear in 194 Ark. 671, 109 S. W. 2d 115, and 196 Ark. 952, 120 S. W. 2d 566. The facts out of which the litigation arose are sufficiently stated in the opinion on the first appeal.

It appears, from the opinion on the first appeal, that Evangelee Bell, the girl for whose benefit the suit was brought, is suffering from amoebic dysentery, which is a persistent stomach and bowel trouble. The suit was originally prosecuted upon the theory that, by drinking a bottle of Coca-Cola containing a fly, plaintiff had contracted that disease. We said, however, that there was no testimony that the fly in the bottle had been a carrier of this disease, and the first judgment was reversed on that account. The case was not dismissed, for the reason that it appeared plaintiff might have sustained some injury and damage from drinking the fly, even though it had not been the cause of her dysentery, and in reversing this first judgment we said (194 Ark. 671, 109 S. W. 2d 117): "The judgment must be reversed as the testimony does not support the finding that appellee's illness was caused by the presence of the fly in the bottle; but if there was other damage compensation for that damage, alone, may be recovered."

Upon the remand a second judgment was recovered, which was also reversed, and in our opinion reversing that judgment we said:

"The intention and effect of that direction was to exclude from a second trial any question of compensation for appellee's suffering from amoebic dysentery, for the reason that the only possible cause for contracting this disease, which could be attributed to the bottling company, was the presence of a fly in the bottle, and, for the reason stated in the former opinion, there was no liability on that account. That opinion became the law of this case on the question of appellee's suffering from amoebic dysentery, and should not, therefore, have been submitted to the jury. *Missouri Pacific Rd. Co.* v. *Foreman*, 196 Ark. 636, 119 S. W. 2d 747.

"The case was remanded with directions to determine whether appellee had sustained any other damage, and for that purpose alone. The question whether appellee had amoebic dysentery was excluded from the

case upon our finding, in the former opinion, that the bottling company was not responsible for the existence and consequences of that ailment.''

We said, in the opinion in this second appeal, that, for reasons stated in the first opinion, it had become the law of the case, that the Coca-Cola Company was not responsible for any damages resulting from the fact that the plaintiff suffered from amoebic dysentery, and, in reversing this second judgment, we said: ''The cause will be remanded, with a renewal of the direction contained in the former opinion that the jury determine what damage, if any, appellee sustained from drinking the Coca-Cola, excluding the amoebic dysentery, for which ailment we held there was no responsibility on appellant's part.''

Judgments were recovered, upon the remand of the cause, one in favor of Evangelee for $5,000, another in favor of her father for $988, from which is this appeal. At this third trial no attempt was made to show the cause of appellee's present condition. No physician testified in her behalf, and there was an entire lack of testimony that the fly could or did cause appellee's illness. It was shown only that she was well before drinking the Coca-Cola, and had been ill since that time. This was a sharply controverted fact at the first trial, the testimony on the part of the Coca-Cola Company being that the child was sick long before drinking the Coca-Cola.

The first opinion recites the fact to be that ''It was not contended that the child swallowed the fly.'' But there was testimony, at that trial and in both the subsequent trials, that she had drunk a portion of the contents of a bottle containing enough of a fly for its identity as such to be established.

The only testimony offered tending to show the nature of the disease from which the child was suffering at the last trial was that of Dr. M. D. Prickett. The plaintiff's case had been closed without any testimony being offered as to the cause of plaintiff's illness, when,

just before the case was submitted to the jury, the record recites: "Defendant offered as rebuttal testimony the evidence of Dr. Prickett." This witness was asked: "What was Evangelee suffering from?" and he answered, "Amoebic dysentery."

When this testimony was offered (quoting from appellee's brief) objection was made as follows: "Mr. Goza of counsel for appellee: To which we object, because we have not produced any doctor that made any examination or diagnosis whatsoever, and, therefore, they cannot bring either of their doctors on here at this time." No further testimony was offered on that or any other feature of the case after Dr. Prickett had testified.

We think there was no error in the admission of this testimony.

The plaintiff testified that she had been well before drinking the Coca-Cola, but had been sick since that time; that when she drank the Coca-Cola she became sick at her stomach and vomited off and on during the night, and that she vomited blood all the next day. Her stomach now goes wrong, and her mouth gets so sore she can not eat. She had been treated by five different physicians, but did not remember what any one of them said was the cause of her trouble.

Plaintiff's mother testified that she bought some soda water and a bottle of Coca-Cola for her children. She stated: "Sat the bottle down on the porch, and opened it up, and the children drank their soda water, and she (plaintiff) taken the Coca-Cola and drank about half or two-thirds of it, and handed me the bottle and said she didn't want it, that it made her sick. I taken the cap and put on the cap." In just an instant plaintiff began vomiting. She put the child to bed, and examined the bottle, and saw some specks in it. Plaintiff vomited during the night off and on, and the next morning vomited two-thirds of a cup of blood. "Her temperature ran as high as 105, and she still runs temperature, and has lost weight."

About two months later witness took the bottle containing what was left of the Coca-Cola to Dr. Barrier, who, in turn, carried the bottle to the office of Dr. Prickett, the witness hereinabove referred to. The contents of the bottle were strained through a' cloth and part of a fly was found.

Without further reviewing the testimony, it may be said that the plaintiff has been and may even yet be very seriously ill; but it is equally as certain that her trouble is amoebic dysentery. The plaintiff herself made that proof upon the first trial, and Dr. Prickett's testimony to that effect at the trial from which this appeal comes is undisputed.

But the law of this case, as was said in the second opinion, is that the Coca-Cola Company is not liable on that account. No physician or other witness at this last trial stated that plaintiff's illness was caused by drinking a fly, and it is, therefore, mere speculation and conjecture that this was true. The testimony does show, however, that the drink nauseated plaintiff and caused her to vomit throughout the night following, and for that she should be compensated, but, in our opinion, any award of damages in excess of $500 on that account would be excessive.

We think it clear that the jury, by their verdict, attempted to compensate plaintiff for her entire illness and suffering, including that caused by her amoebic dysentery, and we think the instructions permitted the jury to do so. This is evidenced by the fact that the court refused to modify an instruction which modification would have directed the jury to exclude the injury and suffering caused by the amoebic dysentery; but the court refused to modify the instruction as requested. The result of this refusal to modify the instruction was to permit the jury to award compensation for all the injury and suffering which the plaintiff had sustained, whether caused by the amoebic dysentery or not.

The judgment in favor of Evangelee will, therefore, be modified by reducing it to the sum of $500, and for

that amount will be affirmed. The judgment in favor of her father will be reversed and that cause of action dismissed.