ALFORD *v.* PRINCE.

Opinion delivered October 29, 1928.

*Nelson & Crawford,* for appellant.
*Frank C. Douglas,* for appellee.

HART, C. J., (after stating the facts). This is the second appeal in the case. *Prince* v. *Alford,* 173 Ark. 633, 293 S. W. 36. Upon the former appeal the court said that, while the lease did not require Alford or Reeves to construct a new building, it did convey to Prince the lot upon which the new building was erected for the term of two years, and that he had a right of possession of the whole lot for that period of time, and was entitled to the possession of any new building or buildings erected on the lot upon the payment of a rental of $50 per month. The effect of the decisions upon the former appeal was that Prince was entitled to the whole lot and the building or buildings erected on it by Reeves, regardless of their size. Alford and Reeves could not require him to accept a new building of the same size as the one which had been torn down and relinquish his right of possession of the remainder of the lot.

The testimony upon the present appeal is substantially the same as that upon the former appeal, and what was said upon the former appeal becomes the law of the case. It was there said that, if Reeves took title to the lot with notice of the lease, he was jointly liable with Alford for any damages resulting from the breach of the contract.

Upon the present appeal the court submitted to the jury the question whether or not Reeves took title to the lot without notice of the lease, and the jury found against Reeves on this point. The individual liability of Alford is shown by the undisputed testimony. In other words, according to the interpretation of the terms of the lease upon the former appeal, Prince was entitled to the possession of any new building or buildings upon the lot in question for two years, at a rental of $50 per month. In the present appeal there is no testimony tending to excuse Alford's breach of the lease contract. Hence, under the undisputed evidence, Prince was entitled to recover from him the sum of $100 per month for two years, less the $50 per month which he had agreed to pay as rent. This would amount for two years to the sum of $1,200, as found by the jury.

The jury having found, upon conflicting testimony, that Reeves had actual knowledge of the provisions of the lease at the time he purchased the lot in question, he was jointly liable for the difference between the agreed rental of the lease and the amount that Reeves actually received for the rent of the new building or buildings. This, as we have already seen under the undisputed evidence, amounted to $1,200. Therefore the judgment will be affirmed.