DIXIE CULVERT MANUFACTURING COMPANY *v.* PERRY COUNTY.

Opinion delivered November 26, 1928.

*Horace Chamberlin,* for appellant.

*Boyd Cypert,* for appellee.

SMITH, J. Appellant filed a petition in the county court of Perry County, which it says is in the nature of a suit in replevin. It was alleged therein that petitioner sold the county certain culverts of the aggregate value of $2,424.76, in the year 1926; that petitioner endeavored to collect the purchase price of the culverts from the county, but that it was shown in the trial thereof that the agreement for payment was in violation of Amendment No. 11 to the Constitution. That judgment of the county court was affirmed on the appeal to this court (174 Ark. 107, 294 S. W. 381), where it was held that the amendment designated as No. 11 prohibited a county from incurring any obligation in any year exceeding the revenues of that year, it being there said that such contracts were void, and could not be paid out of the revenues of a succeeding year.

The petition further alleged that the county still has the culverts in its custody and control, and that, by virtue of the above-mentioned decision of the Supreme Court, the title and right to possession remained in petitioner, and demand for the surrender thereof had been made and refused. The petitioner alleged that by reason of the detention of the culverts it had been damaged to the extent of $1,750 in addition to the value of the culverts, which had been sold and delivered to the county within three years prior to the institution of this suit, and the culverts had not been taken from petitioner for any tax or fine or under any judgment or order of any

court, nor had they been seized under any execution or attachment against its property. Petitioner prayed judgment against the county in the sum of $1,750, and that, if it be shown that the county cannot deliver the culverts, it have judgment against the county for the value thereof.

Attached to the complaint as an exhibit thereto was an order of the county court—the date of which is not given—reciting the terms of the contract of purchase of the culverts by the county and the fact that the culverts had been delivered to the county in accordance with said contract and had been placed in the roads of the county, in consideration of which facts the contract of sale was ratified by the county court.

The county court denied the prayer of the petition, and an appeal was duly prosecuted to the circuit court, where a demurrer was filed, which alleged that the circuit court had no jurisdiction of the subject-matter, and that the matter in controversy had been formerly adjudicated. The demurrer was sustained, and the cause of action dismissed, and this appeal is from that judgment.

It affirmatively appears that the culverts have been placed in the roads of the county and have become a part thereof. They have therefore ceased to be personal property, and an action in replevin will not lie for their possession, even though it had been brought in a court having jurisdiction of that action, which the county court has not. *Dent* v. *Bowers,* 166 Ark. 418, 265 S. W. 636.

It is pointed out that petitioner prayed for an alternative judgment in the county court, if the culverts could not be re-delivered, for their value; but it is answered in the brief on behalf of the county that this, in effect, is a second suit upon a cause of action which this court has already held cannot be maintained.

It is argued in the brief of petitioner, although it was not alleged in its petition, that the revenues of the county were not exhausted when the contract for the pur-

chase of the culverts was made, and the opinion on the former appeal is questioned as being an improper interpretation of Amendment No. 11.

In reply to these arguments, it suffices to say that, if we were convinced now that the opinion on the former appeal was erroneous (and we are not), it would profit appellant nothing, as the former opinion is the law of this case, even though it might be overruled in some other case. Upon the former appeal appellant's right to recover the contract price of the culverts was denied upon the ground that the contract for the purchase price of the culverts was made in violation of the amendment to the Constitution commonly referred to as No. 11, and that opinion is decisive of this claim. This amendment imposes upon one who makes a contract with a county, city or incorporated town the penalty of losing the value of the article sold in violation of its inhibitions, and imposes upon any officer who issues a warrant or certificate of indebtedness in violation of its inhibitions a heavy fine, with the penalty of loss of office. No right to recover the culverts could therefore be asserted if they had not ceased to be personal property, because a violation of this constitutional amendment must be shown in the assertion of that right. The law of this subject was fully considered and discussed at length in the case of *Carter* v. *Bradley County Road Imp. Dists.*, 155 Ark. 288, 246 S. W. 9, and no useful purpose would be served by again reviewing the authorities.

The demurrer was properly sustained, and the judgment of the court below so doing is therefore affirmed.