MORRIS & COMPANY v. ALEXANDER & COMPANY.

Opinion delivered December 23, 1929.

*M. P. Huddleston,* for appellants.

*D. G. Beauchamp,* for appellees.

MEHAFFY, J.   On January 2, 1901, Alexander and others executed a deed of conveyance to certain lands therein described to the National Box Company, and the National Box Company thereafter conveyed to Morris & Company.   The appellants occupied the lands conveyed until the first of October, 1921.   On that date appellants and the National Box Company and G. L. and Lillie R. McDonald brought suit in the Greene Chancery Court, praying for the construction of the deed executed of January 2, 1901.

The appellants contended that, under a proper construction of the deed, it operated as a conveyance of the lands therein described in fee simple to the National Box Company, the grantor of appellant, and that action in the chancery court was instituted to have the title of appellant to the land confirmed.   The defendants in that suit, Alexander and others, contended that a proper construction of the deed is that it conveyed only the right to remove the timber, and that the right to remove the timber had terminated by the removal of the timber.   The case was tried in the Greene Chancery Court, and the court held that the deed operated as a conveyance of the lands in fee simple to the National Box Company.   An appeal was taken to this court, and on November 23, 1925, this court reversed the decree of the Greene Chancery Court, and, among other things, said:

"Our conclusion is that the deed before us conveyed an estate upon limitation, and that, upon the happening of the event, namely, the removal of the timber, the estate terminated and reverted to the grantors or their heirs. Such being the case, the decree of the chancery court was erroneous, and the same is reversed, and the cause remanded with directions to enter a decree in favor of appellants in accordance with this opinion." *Alexander* v. *Morris & Co.,* 168 Ark. 31, 270 S. W. 88.

The facts in the original suit and the deed of conveyance will be found in the statement in the above case, 168 Ark. 31, 270 S. W. 88, and will not be copied here.

When the case came on for trial again in the Greene Chancery Court, on April 6, 1925, both parties being present, the cause was submitted and heard on the original complaint of plaintiff and exhibits thereto, the original answer and cross-complaint of defendants and exhibits thereto, and the mandate of the Supreme Court in said cause. The chancery court in its decree stated that the time had expired for the removing of the timber, and adjudged and decreed that the complaint of the plaintiffs be dismissed for want of equity, and the prayer of the cross-complaint of defendants and cross-complaints be granted, and that all the right, title and interest held or claimed by Morris & Company, National Box Company, G. L. McDonald and Lillie McDonald, or either of them or their grantees under and through the deed sued upon by the plaintiffs to the lands, describing them, be and the same is hereby canceled, set aside and held for naught, etc., and that the plaintiffs or their grantees are forever enjoined from asserting or attempting to assert any interest in said land by reason of said deed.

On August 28, 1926, appellants filed a complaint in the Greene Chancery Court, asking that the case be redocketed, and that the decree be opened and plaintiffs permitted to file their petition for the recovery of betterments to said lands; and, if this relief be denied, then they pray that this petition be treated as a bill of review, and that said decree be set aside and plaintiffs be permitted to file their complaint for the recovery of betterments to said lands, and for the recovery of taxes and special assessments; and, if this relief be denied, then plaintiffs pray that this pleading be treated as an original action for the recovery of betterments on said lands, and that they have decree against defendants for the enhanced value of said lands, with interest, and that they be decreed a first lien on said lands until paid. Plain-

tiffs then set out the amounts they are entitled to recover for taxes and assessments and betterments.

No appeal was prosecuted from the decree of April 6, 1925, and no action was taken by appellants until August 28, 1926.

Not only are the parties bound by the opinion of this court in the case of *Alexander* v. *Morris & Company,* 168 Ark. 31, 270 S. W. 88, decided February 23, 1925, but they are bound by the decree of the chancery court from which they took no appeal. The Supreme Court, when the case was here before, reversed the decree and remanded the cause, with directions to enter a decree in favor of appellants in accordance with the opinion. When the trial was had in the chancery court, after the cause was remanded, the appellants could in that suit at that time have litigated all the questions they now seek to litigate.

When this case was here on appeal, we said: ''There is, in the first place, a stipulation as to the use to which the land is to be put, that is to say, 'for the purpose of cutting and removing the timber therefrom and conveying the same to and from the sawmill of said grantee.' There is a further covenant that the grantees should pay the taxes on the land, and a provision in express terms that the title should revert to the grantors and their heirs ＊ ＊ ＊ and the deed conferred upon the grantee the privilege of 'reverting' the several tracts, and thereby escaping the burden of paying taxes thereon as the timber should be removed therefrom.''

This court then reversed the decree, and remanded the cause with directions to enter a decree in favor of the appellants in accordance with the opinion.

Whatever was decided on the first appeal remains the law of the case for all further proceedings. ''This general rule is grounded on public policy, expediency and reason. The rule has been so long established and so uniformly adhered to that it is not a mere matter of practice or procedure.'' *Henry* v. *Gulf Refining Co of La.,* 179 Ark. 138, 15 S. W. (2d) 979; *Taliaferro* v. *Barnett,* 47

Ark. 359, 1 S. W. 702; *Vogel* v. *Little Rock,* 55 Ark. 609, 19 S. W. 13; *Miller Lbr. Co.* v. *Floyd,* 169 Ark. 473, 275 S. W. 741; *Alford* v. *Prince,* 178 Ark. 159, 10 S. W. (2d) 10; *Dixie Culvert Mfg. Co.* v. *Perry County,* 178 Ark. 454, 12 S. W. (2d) 10; *Arkansas P. & L. Co.* v. *Orr,* 178 Ark. 329, 11 S. W. (2d) 761.

When the case was tried in the chancery court, after it had been remanded, appellant could have litigated every question it now seeks to litigate, and, not having done so, it is estopped by the decree of the chancery court. This court has held that parties are bound not only on the questions actually tried by the court, but on all questions that might properly have been determined in said suit.

The rule has been often announced in this court that the judgment or decree of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or which could have been interposed in the former suit. *Gosnell Special School District No. 6* v. *Baggett,* 172 Ark. 681, 290 S. W. 577; *Taylor* v. *King,* 135 Ark. 43, 204 S. W. 614.

Our conclusion is that all the defenses and causes of action mentioned in appellants' petition could have been settled in the original suit. The decree is therefore affirmed.