# NO. 12-07-00431-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE SHED, L.L.C. and* *MARY ELLEN MALONE,* *APPELLANTS/CROSS-APPELLEES* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *EDOM WASH 'N DRY, L.L.C.,* *APPELLEE/CROSS-APPELLANT* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Two neighboring businesses dispute the size and location of an access easement that burdens one and benefits the other. The Shed, L.L.C. and Mary Ellen Malone, whose property the easement crosses, appeal from the judgment in Edom Wash 'N Dry, L.L.C.'s suit to resolve their dispute. In nineteen issues raised by The Shed and Malone and one cross issue raised by Edom Wash 'N Dry, we consider reasonable access, unreasonable blocking, malice, compensatory and exemplary damages, admissibility of evidence, the jury charge, the permanent injunction, and attorney's fees. We affirm in part, reverse and render in part, and reverse and remand in part.

#### BACKGROUND

Lloyd and Delpha Garrett owned a tract of real property located at the intersection of FM 279 and FM 314 in Edom. They sold the portion of that property on which The Shed restaurant is located to Donna Dean, but they reserved for themselves, their agents, heirs, successors, and assigns the "right of ingress and egress over [The Shed restaurant property] for the purpose of access to [the remaining property owned by the Garretts] located behind and at the rear of [The Shed restaurant]."

The Garretts later sold the remaining property, including the access easement, to Edom Wash 'N Dry. The Garretts did not, however, identify the exact location of the easement.

When Edom Wash 'N Dry purchased the property from the Garretts, Edom Wash 'N Dry was owned by Earl Berry; his wife, Ann Berry; and Malone. Edom Wash 'N Dry utilized its access easement across The Shed property, but Dean complained. The Berrys and Malone discussed litigating the issue against Dean, but because Malone did not want to participate in the litigation, the Berrys purchased Malone's interest in Edom Wash 'N Dry. Through its attorney, Edom Wash 'N Dry then informed Dean of its right to cross The Shed restaurant property to gain access to its property.

Some time later, Dean sold The Shed restaurant to The Shed, a limited liability corporation owned by Malone; Malone's husband, Bernard "Bud" Malone; and JoAnne Martinez. Several months after purchasing the restaurant, The Shed constructed a fence along the property line between its property and Edom Wash 'N Dry's property. The Shed left a seven and one-half foot opening in the fence so that most vehicles could still pass, albeit very carefully, from its property to the Edom Wash 'N Dry property. Believing this action unreasonably interfered with its right to ingress and egress under the easement, Edom Wash 'N Dry sued The Shed and Malone.

In the trial of the case, The Shed and Malone attempted to present to the jury evidence of a proposed location for the easement located over property that was not part of the original Garrett property. The trial court excluded evidence related to this proposed location. The jury determined that the most reasonable location for the access easement across The Shed's property is a fifteen foot path across the centerline of the property. It also found that, acting with malice, The Shed and Malone intentionally caused an "unreasonable blocking of [Edom Wash 'N Dry's] easement rights" causing compensatory damages of $250.00. The jury assessed punitive damages of $100,000.00 against The Shed and $50,001.00 against Malone. Finally, the jury determined that Edom Wash 'N Dry incurred reasonable attorney's fees for this case in the amount of $183,832.15 for preparation and trial, $25,500.00 for appeal to this court, and $15,500.00 for appeal to the Texas Supreme Court. The trial court's judgment reduced the punitive damages assessed against Malone to $10,001.00 and the punitive damages assessed against The Shed to $20,000.00, but incorporated the remainder of the jury's findings. The judgment further permanently enjoined The Shed and Malone from blocking Edom Wash 'N Dry's access across the designated easement. This appeal followed.

2

The Shed and Malone raise seven issues relevant to the location of a reasonable easement across their property. In their sixteenth and seventeenth issues, The Shed and Malone argue that the trial court excluded admissible evidence pertinent to the location of the easement. In their twelfth, thirteenth, and fourteenth issues, The Shed and Malone argue that the trial court's jury charge omitted a proper and necessary question and instructions pertinent to the location of the easement. In their first issue, The Shed and Malone argue that the trial court should have disregarded the jury's determination as to the route and width of the easement that would provide Edom Wash 'N Dry with the "most reasonable access" across The Shed's property to its own property. Finally, in their second issue, The Shed and Malone argue that the jury's determination of the route and width of the easement is not supported by legally or factually sufficient evidence.

**Determining the Location of an Easement**

To determine the scope of an express easement, the court applies basic principles of contract construction and interpretation. ***Marcus Cable Assocs. v. Krohn***, 90 S.W.3d 697, 700 (Tex. 2002). When a contract is unambiguous, the court interprets the contract as a matter of law. ***DeWitt County Elec. Coop., Inc. v. Parks***, 1 S.W.3d 96, 100 (Tex. 1999). The contracting parties' intentions, as expressed in the document, determine the scope of the easement. *Id*. at 103.

An access easement is a nonpossessory interest in land that authorizes its holder to use the land for ingress and egress. *See* ***Krohn***, 90 S.W.3d at 700. The land benefitted by the easement is the dominant estate, and the land burdened by the easement is the servient estate. ***LaTaste Enters. v. City of Addison***, 115 S.W.3d 730, 735 (Tex. App.–Dallas 2003, pet. denied). An access easement can be created by language in a deed. *See* ***Vinson v. Brown***, 80 S.W.3d 221, 227 (Tex. App.–Austin 2002, no pet.). An easement includes "the right to do whatever is reasonably necessary for full enjoyment of the rights granted." ***Whaley v. Cent. Church of Christ***, 227 S.W.3d 228, 231 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Any rights implied must be reasonably necessary to the fair enjoyment of the easement and place as little burden as possible on the servient owner. *Id*. An express easement is adequately identified when the exact location of the easement is omitted as long as the tract of land that will be burdened by the express easement is sufficiently identified. ***Vinson***, 80 S.W.3d at 227.

When an express easement fails to specify its location, generally it is the servient estate owner's right to select the location. *Id.* at 228. However, the servient estate owner must exercise this right in a reasonable manner, and if he fails to establish a specific location for the easement, the dominant estate owner may do so. *Id*. The dominant estate owner's use of the easement, with the consent or acquiescence of the servient estate owner, is sufficient to establish the easement's location. *Id*. Under such circumstances, the location of the easement becomes an issue for the fact finder. *See Placke v. Lee-Fayette Counties W.C.I.D. #1*, No. 03-04-00096-CV, 2005 Tex. App. LEXIS 3411, at *13 (Tex. App. – Austin May 5, 2005, pet. denied).

**Admissibility of Evidence**

We review a trial court's exclusion of evidence for abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *Natural Gas Pipeline Co. of Am. v. Pool*, 30 S.W.3d 618, 632 (Tex. App.–Amarillo 2000), *rev'd on other grounds*, 124 S.W.3d 188 (Tex. 2003). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or without regard for any guiding rules or principles. *Lively v. Blackwell*, 51 S.W.3d 637, 641 (Tex. App.–Tyler 2001, pet. denied).

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. If there is some logical connection either directly or by inference between the evidence and a fact to be proved, the evidence is relevant. *Pool*, 30 S.W.3d at 632. Evidence that is not relevant is inadmissible. TEX. R. EVID. 402.

Here, The Shed and Malone proffered evidence of a proposed location for the easement created after the commencement of this litigation. After the trial court granted the temporary injunction, The Shed and Malone removed trees and moved a water meter and a building to allow for a potential easement along the west side of The Shed property as shown in their Exhibits 2 through 9. The trial court excluded all evidence of the proposed location for the easement because it showed that the easement was to be located, in part, through property that was not part of the original Garrett tract. Because locating the easement outside the original Garrett tract could not have been the intent of the parties to the deed in which the easement was reserved, the trial court properly

4

found the proffered evidence of the proposed location to be irrelevant. *See Pool*, 30 S.W.3d at 632. Further, because these actions occurred after the alleged actions related to unreasonable blocking and malice, the proffered evidence was not relevant to those issues either. Thus, the trial court properly excluded The Shed and Malone's evidence of the proposed location for the easement along the west side of The Shed property and the related evidence contained in Defendants' Exhibits 2 through 9. We overrule The Shed and Malone's sixteenth and seventeenth issues.

**The Court's Charge**

When a trial court refuses a requested jury instruction, we examine whether the instruction was reasonably necessary to enable the jury to render a proper verdict. TEX. R. CIV. P. 277; *Cleaver v. Cundiff*, 203 S.W.3d 373, 379 (Tex. App.–Eastland 2006, pet. denied). Because the jury should not be burdened with surplus instructions, not every correct statement of the law belongs in the jury charge. *Id*. A trial court's refusal to include an instruction is reviewed under an abuse of discretion standard. *Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 836 (Tex. 1986). To establish an abuse of discretion, the requested instructions must be necessary to enable the jury to render a proper verdict so that the court's refusal probably caused the rendition of an improper verdict. *Pitts v. Sabine River Auth. of Tex.*, 107 S.W.3d 811, 819 (Tex. App.–Texarkana 2003, pet. denied). A trial court is required to submit a jury question if it controls the disposition of the case, is raised by the pleadings and evidence, and properly submits the disputed issues for the jury's determination. *Id.* at 820.

Here, it is undisputed that Edom Wash 'N Dry owned an access easement across The Shed property. Thus, the only fact issue related to the easement was its location. Because there was no express location for the easement, the jury had to determine whether the servient estate owner had established a reasonable location for the easement, and if not, whether the dominant estate owner had established a reasonable location for the easement. *See Vinson*, 80 S.W.3d at 228. If neither established a reasonable location for the easement, the fact finder was required to establish a location for the easement that is both reasonably necessary to the fair enjoyment of the easement by the dominant estate and places as little burden as possible on the servient owner. *See Placke*, 2005 Tex. App. LEXIS 3411, at *13.

The Shed and Malone complain that the trial court failed to submit the following instructions and question:

5

Easements of access do not guarantee access to any specific passageway, absent a specific grant.

When one has access to a part of his tract of land by way of travel over his own property, this, as a matter of law, is a better and more direct route than one which burdens an adjacent landowner. This conclusion is consistent with the general premise that easements, and the conditions placed on them, should be construed in a manner that places as little burden as possible upon the servient estate. It does not matter that the route across one's own land is longer, more circuitous, or in an inferior location physically.

Did the Shed and Malone fail during the relevant period to locate the access easement in a reasonable manner, having due regard to the rights and interests of [Edom Wash 'N Dry] as owner of the dominant estate?

Although it is uncontroverted that Edom Wash 'N Dry owned an easement across The Shed property, The Shed and Malone attempted to deprive Edom Wash 'N Dry of this express access easement by charging the jury on law applicable to an easement created by necessity or implication. *See Adams v. Norsworthy Ranch, Ltd.*, 975 S.W.2d 424, 429 (Tex. App.–Austin 1998, no pet.); *Sentell v. Williamson County*, 801 S.W.2d 220, 223 (Tex. App.–Austin 1990, no writ) (op. on reh'g). The requested instructions are inapplicable to determining a reasonable location for an express access easement. The trial court did not abuse its discretion by declining to include these instructions. *See Cleaver*, 203 S.W.3d at 379.

Regarding the requested question, if The Shed and Malone had proffered evidence that they had designated the location of the access easement on property that had been conveyed by the Garrett deed, this question would have been proper and necessary. However, The Shed and Malone instead attempted to locate the easement in part on property not covered by the Garrett deed. That location could not have been intended when the Garretts reserved the express easement, and the trial court did not abuse its discretion by declining to include this question. *See id.* We overrule The Shed and Malone's twelfth, thirteenth, and fourteenth issues.

**Jury's Description of Easement**

Jury question number two asked the jury to describe exactly the route and width of the easement across The Shed's property that provides Edom Wash 'N Dry the most reasonable access from FM 279 to the boundary line between The Shed's property and Edom Wash 'N Dry's property. Relying on a recorded metes and bounds description, the jury described a certain fifteen foot wide easement across The Shed and Malone's property. The Shed and Malone assert this finding is immaterial and should have been disregarded inasmuch as the reservation lacked specificity, and the

6

right to locate the easement belongs to The Shed and Malone, who had provided reasonable access to the Edom Wash 'N Dry tract, albeit over a different route. Further, they assert the evidence is neither legally nor factually sufficient to support the jury's answer.

To disregard a jury finding, the trial court must find the issue is immaterial or the finding is unsupported by the evidence. *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994). The jury finding may be immaterial because it should not have been submitted, it was properly submitted but rendered immaterial by other findings, or calls for a finding beyond the province of the jury, such as a question of law. *Id*.

When the appellant is challenging the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing for legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). The test for legal sufficiency "must always be whether the evidence at trial would enable [a] reasonable and fair–minded [fact finder] to reach the [result] under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Legal sufficiency review must credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *Id.* We sustain a legal sufficiency challenge when the record discloses one of the following situations: (1) there is a complete absence of evidence establishing a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence of a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810.

The fact finder is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.–Tyler 2007, pet. denied) (op. on reh'g). The fact finder is free to believe one witness and disbelieve another, and reviewing courts may not impose their own opinions to the contrary. *Id.* Accordingly, reviewing courts must assume that the fact finder decided all credibility questions in favor of the verdict if a reasonable person could do so. *Id.* If a reasonable finder of fact could have done so, we must assume that the finder of fact chose what testimony to disregard in a way that was in favor of the verdict. *Id*. A fact finder "may disregard even uncontradicted and unimpeached testimony from

disinterested witnesses" where reasonable. *Id*.

In addition, it is within the finder of fact's province to resolve conflicts in the evidence. *Id*. Consequently, we must assume that, where reasonable, the finder of fact resolved all conflicts in the evidence in a manner consistent with the verdict. *Id.* Further, where conflicting inferences can be drawn from the evidence, we must assume the finder of fact made all inferences in favor of the verdict if a reasonable person could do so. *Id.*

Regarding factual sufficiency challenges, where a party who did not have the burden of proof on an issue asserts that the fact finder's verdict is contrary to the evidence, we must overrule the complaint unless, considering all the evidence, the finding is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In conducting our review, we must consider, weigh, and compare all of the evidence that supports and that which is contrary to the finding. *See Sosa v. City of Balch Springs*, 772 S.W.2d 71, 72 (Tex. 1989). "Reversal [can] occur because the finding [is] based on weak or insufficient evidence or because the proponent's proof, although adequate if taken alone, is overwhelmed by the opponent's contrary proof." *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 637 (Tex. App.–Tyler 2004, no pet.).

When reviewing factual sufficiency issues, we must remember that the fact finder is the sole judge of the credibility of the witnesses. *Canal Ins. Co.*, 238 S.W.3d at 557. The fact finder may take into consideration all of the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id.* at 557-58. Where enough evidence is before the fact finder so that reasonable minds could differ on the meaning of the evidence, or the inferences and conclusions to be drawn from the evidence, we may not substitute our judgment for that of the trial court. *Id.* at 558.

During the trial, the ultimate location of the easement was a hotly contested issue. Edom Wash 'N Dry argued that it needed a thirty foot easement to provide it with adequate access. It further argued that an easement of this size would not unnecessarily affect The Shed's parking. Meanwhile, The Shed and Malone argued that any easement through the center of The Shed's parking lot would cause significant damage to The Shed's business. The jury considered the evidence and determined that the most reasonable location for the easement was in the center of The Shed's property and the most reasonable width of the easement was fifteen feet.

The trial court determined, and we have agreed, that The Shed and Malone did not provide

8

a reasonable location for the easement because their proposed location included going across land not covered by the Garrett deed. Further, the jury determined that Edom Wash 'N Dry's proposed location for the easement was not reasonable. This finding has not been attacked on appeal and must be accepted as a proven fact. *See id.* at 559. Thus, the jury's determination of a reasonable location for the easement was material and should not be disregarded. *See Spencer*, 876 S.W.2d at 157. The evidence showed that normal traffic flow went down the middle of The Shed's parking lot. Considering the normal width of most vehicles, the jury was entitled to disregard Edom Wash 'N Dry's expert's claim that the easement should be thirty feet wide. Based on the evidence at trial, a reasonable and fair minded fact finder could determine the most reasonable access over The Shed's property to Edom Wash 'N Dry as the jury did. Therefore, the evidence is legally sufficient. *See City of Keller*, 168 S.W.3d at 827. Finally, considering all the evidence, the finding is not based on weak or insufficient evidence nor is Edom Wash 'N Dry's proof, which is adequate if taken alone, overwhelmed by The Shed and Malone's contrary proof. Thus, the evidence is factually sufficient. *See Santa Fe Petroleum, L.L.C.*, 156 S.W.3d at 637. We overrule The Shed and Malone's first and second issues.

## UNREASONABLE BLOCKING OF EASEMENT

In their third, fourth, and sixth issues, The Shed and Malone argue that the jury's answers to Questions 4, 5, and 7, regarding unreasonable blocking of the easement and the damages associated with the unreasonable blocking, are not supported by legally or factually sufficient evidence. The jury found that The Shed and Malone built a fence along the boundary line between The Shed's property and Edom Wash 'N Dry's property in order to unreasonably block Edom Wash 'N Dry's easement rights, The Shed and Malone thereby caused an unreasonable blocking of the easement rights of Edom Wash 'N Dry, and the sum of $250.00 would compensate Edom Wash 'N Dry for resulting damages.

Two very different versions of this dispute were presented to the jury. Edom Wash 'N Dry presented evidence that Malone knew of the importance of the access easement before she and the other owners of The Shed purchased the restaurant and property from Dean. Further, The Shed had a fence constructed that eliminated a pedestrian path which was being utilized by at least one person to gain access to Edom Wash 'N Dry's property and significantly decreased the opening for vehicular

traffic. Edom Wash 'N Dry expended $250.00 to put gravel on its tract in an attempt to improve the limited access caused by The Shed's construction of the fence. The Shed and Malone presented evidence that this fence created little inconvenience to Edom Wash 'N Dry and that various other proposed solutions to the concerns of Edom Wash 'N Dry were attempted. The servient estate cannot unreasonably interfere with or block the dominant estate's use of the easement. *See Whaley*, 227 S.W.3d at 231. Further, it is generally for the fact finder to resolve conflicts in the evidence. *See Canal Ins. Co.*, 238 S.W.3d at 557. The evidence is both legally sufficient and factually sufficient to support the jury's verdict. *See City of Keller*, 168 S.W.3d at 827; *Santa Fe Petroleum, L.L.C.*, 156 S.W.3d at 637. We overrule The Shed and Malone's third, fourth, and sixth issues.

### EXEMPLARY DAMAGES

In their seventh, eighth, ninth, and tenth issues, The Shed and Malone argue that the jury's answers to the issues related to exemplary damages are not supported by legally or factually sufficient evidence. In their eleventh issue, The Shed and Malone argue that the exemplary damages awarded in the trial court's judgment are unconstitutionally excessive. In its sole cross issue, Edom Wash 'N Dry argues that the trial court erred in reducing the jury's award of exemplary damages.

The jury found that the harm to Edom Wash 'N Dry, caused by an unreasonable blocking of its easement across The Shed's property, resulted from malice by Malone and The Shed. The jury assessed $50,001.00 against Malone and $100,000.00 against The Shed as exemplary damages for that conduct. The trial court reduced those awards and ordered that Edom Wash 'N Dry recover $10,001.00 from Malone and $20,000.00 from The Shed as exemplary damages.

**Legal and Factual Sufficiency Analysis of the Exemplary Damages**

Exemplary damages are authorized when the claimant proves by clear and convincing evidence that the harm results from fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a) (Vernon 2008); *Dillard Dep't Stores, Inc. v. Silva*, 148 S.W.3d 370, 372-73 (Tex. 2004). At trial, Edom Wash 'N Dry submitted malice as the predicate for exemplary damages. To establish that the unreasonable blocking of the easement was committed with malice, Edom Wash 'N Dry had to prove a specific intent by The Shed and Malone to cause substantial injury or harm to Edom Wash 'N Dry. TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(7) (Vernon 2008). Malice may be proven by direct or circumstantial evidence. *Transp. Ins. Co. v. Moriel*, 879

10

S.W.2d 10, 23 (Tex. 1994).

In a legal sufficiency review where the burden of proof is clear and convincing evidence, the reviewing court must consider all of the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(2) (Vernon 2008); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In addressing a factual sufficiency of the evidence challenge, we must consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *Id*. at 25. We must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction in support of its finding. *Id*.

In considering the amount of exemplary damages, the fact finder considers the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, the extent to which such conduct offends a public sense of justice and propriety, and the net worth of the defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 41.011 (Vernon 2008). When reviewing the evidence with respect to a finding by the fact finder concerning liability for exemplary damages or the amount of exemplary damages, we shall address the evidence with specificity and state the reasons for upholding or disturbing a finding or award. TEX. CIV. PRAC. & REM. CODE ANN. § 41.013(a) (Vernon 2008).

Here, Edom Wash 'N Dry presented evidence that The Shed and Malone purposely restricted its access across The Shed property by the construction of a fence. Malone wanted the fence built. Further, the owners of The Shed met and determined that the fence should be built. While The Shed and Malone presented evidence that they wanted the fence built to improve the look of the restaurant and not to harm Edom Wash 'N Dry, the jury was free to either partially or completely discount this testimony. *See Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004). Also, Malone, through her previous position as a part owner in Edom Wash 'N Dry, knew the importance that Edom Wash 'N Dry placed on the access easement across The Shed property. The jury was free to infer that The Shed and Malone knew that the renter of a portion of the Edom Wash 'N Dry building, who also was an employee of The Shed, utilized the walking path that was blocked by the fence. And the jury knew that Edom Wash 'N Dry's property was used as storage

11

by a related business. Finally, the jury could infer that an opening of seven and one-half feet indicates an intent to unreasonably restrict Edom Wash 'N Dry's access easement.

But even proof of an intent to unreasonably restrict an access easement is not proof of malice. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 454 (Tex. 1996) (Not every unlawful or wrongful act is malicious.). Instead, Edom Wash 'N Dry was required to prove a specific intent by The Shed or Malone to cause substantial injury or harm to it. While blocking a more direct walking path and having a small opening in the fence for vehicular traffic might demonstrate an intent to cause injury, the requirement is substantial injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(7). The evidence remains that The Shed and Malone at all times provided Edom Wash 'N Dry's occupants access for ingress and egress across The Shed's property. After reviewing the evidence, even in the light most favorable to the jury's finding of malice, the evidence is not such that the jury could form a firm conviction that Malone acted with malice or that an act of malice was committed for which The Shed was responsible.[1] We sustain The Shed and Malone's seventh and eighth issues. Having sustained these two issues, we do not reach The Shed and Malone's ninth, tenth, or eleventh issues, nor Edom Wash 'N Dry's cross issue. *See* TEX. R. APP. P. 47.1.

**ATTORNEY'S FEES**

In their fifth, fifteenth, and eighteenth issues, The Shed and Malone argue that the trial court erred in awarding attorney's fees to Edom Wash 'N Dry. They assert that the jury's awards of $183,832.15 for preparation and trial, $25,500.00 for an appeal to the court of appeals, and $15,500.00 for an appeal to the Texas Supreme Court are not supported by legally or factually sufficient evidence. They contend that the trial court erred in failing to require Edom Wash 'N Dry to segregate recoverable attorney's fees from nonrecoverable attorney's fees. Finally, they assert that the 80% reduction in exemplary damages required a retrial of the jury's award of attorney's fees.

**Duty to Segregate Attorney's Fees**

---

[1] Edom Wash 'N Dry also alleged that The Shed and Malone intentionally diverted sewage onto Edom Wash 'N Dry's property. While there was some evidence that The Shed's ice machine leaked, Edom Wash 'N Dry failed to present any evidence that The Shed or Malone intentionally diverted leakage from the ice machine onto its property. Further, Edom Wash 'N Dry failed to obtain a finding from the jury that The Shed or Malone intentionally diverted sewage onto its property. Therefore, this allegation does not support a finding of malice against The Shed or Malone.

Whether the recovery of attorney's fees is permitted by statute or contract in a given instance is one of law. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). In a proceeding under the Uniform Declaratory Judgment Act, the trial court may award costs and reasonable and necessary attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008); *Rapid Settlements v. SSC Settlements, L.L.C.*, 251 S.W.3d 129, 145 (Tex. App.–Tyler 2008, orig. proceeding). The court's discretion to award attorney's fees is subject to the limitation that the attorney's fees be reasonable and necessary, which are matters of fact. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Trial courts do not have the inherent authority to award attorney's fees. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Thus, claimants must segregate fees between claims for which fees are recoverable and claims for which they are not. *Id.* If any attorney's fees relate solely to a claim for which such fees are not recoverable, the claimant must segregate the recoverable from the unrecoverable fees. *Id.* at 313. A common set of underlying facts is not enough. *Id.* The intertwined facts exception applies only when discrete legal services advance both a recoverable claim or claims and an unrecoverable claim or claims. *Id.* at 313-14. Then, and only then, is it unnecessary to segregate attorney's fees. *Id.* at 314. If recoverable, the amount of attorney's fees is for the trier of fact. *Bocquet*, 972 S.W.2d at 21.

A failure to segregate attorney's fees does not mean that the claimant can recover no attorney's fees. *Chapa*, 212 S.W.3d at 314. The amount of unsegregated attorney's fees for the entire case is some evidence of the amount of segregated attorney's fees. *Id.* Thus, if a claimant fails to segregate attorney's fees, we reverse and remand for a new trial on attorney's fees, rather than reverse and render. *Id*.

The usual method of proof of the amount of reasonable attorney's fees is the opinion testimony of lawyers testifying as expert witnesses. 2 William V. Dorsaneo, III, TEXAS LITIGATION GUIDE § 22.41 (2009). The opinion testimony may come from a disinterested attorney, or from an attorney whose fees are in question in the case. *Id.*

The general rule is that the testimony of an interested witness, such as the attorney whose fees are to be determined, though not contradicted, does no more than raise a fact issue to be determined by the jury. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). There is, however, an exception to the rule whereby the testimony of an interested witness may establish facts as a matter of law. *Id.* The exception applies when the testimony from the interested

witness is not contradicted by any other witness or attendant circumstances, and it is clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion on the evidence. *Id.* "The exception to [this] interested witness rule . . . *is especially* true where the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so." *Id.*

Here, Edom Wash 'N Dry claimed entitlement to attorney's fees based on the Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Edom Wash 'N Dry presented evidence of its attorney's fees through the testimony of one of its attorneys, Jeffrey Hurt. Mr. Hurt testified that, through trial, Edom Wash 'N Dry had incurred attorney's fees in the amount of $171,984.05 and expenses in the amount of $11,848.10 for a total of $183,832.15. The jury awarded Edom Wash 'N Dry that amount for its attorney's fees and expenses incurred through trial.

Edom Wash 'N Dry made no attempt, or at best an inadequate attempt, to segregate attorney's fees incurred for recoverable claims from attorney's fees incurred for unrecoverable claims. Mr. Hurt testified that Edom Wash 'N Dry was provided two credits related to attorney's fees:

> Q.     Did our billing allow for some credits in the billing?
>
> A.     Yes. We actually gave [Edom Wash 'N Dry] a credit of $20,000. . . . Let me be accurate. We gave two credits; one in the amount of $5,641.25 and one in the amount of $20,000. We gave those credits in coming up with the numbers that we are – that I am applying as reasonable in a case regarding this matter.

Thus, it appears that Edom Wash 'N Dry sought and recovered the full amount of attorney's fees that it paid in this case.

The credit of $5,641.25 applied to research related to a motion to disqualify. Edom Wash 'N Dry's attorney stated that he determined it was not reasonable to charge for that motion, and thus, those fees were not recoverable. Therefore, Edom Wash 'N Dry correctly removed the $5,641.25 from its requested attorney's fees. But we cannot determine from this record which entries were covered by the $20,000.00 credit. Edom Wash 'N Dry presented testimony that the $20,000.00 credit was given because 1) Edom Wash 'N Dry deemed it unreasonable to be charged for certain repetitive preparation caused by multiple trial settings, 2) some time entries should have been charged to other ongoing litigation that Edom Wash 'N Dry was involved in, and 3) Edom

14

Wash 'N Dry had other theories of recovery in this case. Presumably, this third reason references the unrecoverable claims. Edom Wash 'N Dry did not identify and separate the amount credited because of the unrecoverable claims.

The attorney's fees incurred to obtain the declaratory judgment are the only attorney's fees charged for a recoverable claim. A review of the invoices admitted into evidence indicates that Edom Wash 'N Dry should have segregated more than $20,000.00 of its attorney's fees as unrecoverable. Edom Wash 'N Dry incurred more than $20,000.00 that clearly related to its other claims such as preserving the status quo through a temporary restraining order and a temporary injunction, prosecuting its claims regarding unreasonable blocking of the easement, and seeking punitive damages. Edom Wash 'N Dry has offered no basis or authority for recovery of attorney's fees related to these services, and we have found none. As such, Edom Wash 'N Dry failed to adequately segregate its attorney's fees. *See Chapa*, 212 S.W.3d at 311. Thus, the trial court erred in awarding Edom Wash 'N Dry the full amount of attorney's fees it paid.

We sustain The Shed and Malone's fifteenth issue. We do not reach The Shed and Malone's fifth or eighteenth issues. *See* TEX. R. APP. P. 47.1.

## PERMANENT INJUNCTION

In their nineteenth issue, The Shed and Malone argue that the trial court's permanent injunction is too vague to be valid. They contend the judgment did not describe with any specificity the identity, type, dimensions, or location of the fencing or existing barriers or barricades to be removed. They further assert that the judgment did not define with any specificity the conduct that would constitute restricting, blocking, or interfering with Edom Wash 'N Dry's use in any manner, directly or indirectly, of the right of pedestrian and vehicular ingress and egress. Therefore, they argue, the judgment does not contain sufficient detail for them to determine what the court wants them to do.

Orders granting injunctions must be specific and describe in reasonable detail the act sought to be restrained. *See* TEX. R. CIV. P. 683. An injunction must be definite, clear, and concise, leaving the person enjoined in no doubt about his duties, without calling on him for inferences or conclusions about which persons might differ. *See id.*; *Vaughn v. Drennon*, 202 S.W.3d 308, 316 (Tex. App.–Tyler 2006, no pet.).

The complained of injunction states:

Defendant, The Shed, LLC, shall within ten days of the entry of this order, remove any fencing or existing barriers or barricades that prevent or hinder ingress and egress across the easement [of a fifteen foot path in the center of The Shed property].

Defendants, their agents, heirs, successors, and assigns are hereby permanently enjoined from restricting, blocking, [or] interfering with Plaintiff's use in any manner, directly or indirectly, of the right of pedestrian and vehicular ingress and egress across the easement [of a fifteen foot path in the center of The Shed property].

The judgment incorporates a document setting out the metes and bounds description of the exact location and width of the easement on the ground. The injunction prohibits The Shed and Malone from blocking the easement. Therefore, any fencing or existing barricades that cross or intrude upon the easement as described in that document must be removed. Further, they must refrain from all conduct that would restrict, block, or interfere with Edom Wash 'N Dry's ability to use the easement. In other words, the easement must remain clear. The injunction does not call on The Shed and Malone to infer or make conclusions about which people might differ. *See Vaughn*, 202 S.W.3d at 316. We overrule The Shed and Malone's nineteenth issue.

## CONCLUSION

Because the evidence is insufficient to support a finding of malice by The Shed or Malone, the awards of exemplary damages are not authorized. We therefore ***reverse*** that portion of the trial court judgment awarding Edom Wash 'N Dry exemplary damages. Because Edom Wash 'N Dry failed to segregate recoverable from nonrecoverable attorney's fees, that portion of the trial court's judgment awarding Edom Wash 'N Dry attorney's fees is ***reversed*** and this cause is ***remanded*** for a new trial on attorney's fees. In all other respects, we ***affirm*** the trial court's judgment.

   BRIAN HOYLE   
Justice

Opinion delivered March 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)